IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1999 SESSION

FILED

May 12, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9806-CC-00246 |
| Appellee, | ) |
| | ) Perry County |
| V. | ) |
| | ) Honorable Cornelia A. Clark, Judge |
| | ) |
| **CHARLES JUSTIN OSBORNE,** | ) (Criminally Negligent Homicide, |
| | ) Reckless Endangerment) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

JERRY C. COLLEY
P.O. Box 1476
Columbia, TN 38402-1476

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RONALD L. DAVIS
District Attorney General

DONALD W. SCHWENDIMANN
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED IN PART, REVERSED IN PART, MODIFIED**

**JOHN EVERETT WILLIAMS,**
Judge

## OPINION

The defendant, Charles Justin Osborne, was convicted of two counts of criminally negligent homicide and one count of reckless endangerment. The trial court sentenced him to two years on each count of criminally negligent homicide and to eleven months, twenty-nine days on the reckless endangerment, with all sentences to run consecutively. Of these sentences, the trial court ordered the defendant to serve one year's confinement, day-for-day, on count one and suspended the remaining balance of all sentences with supervised probation. The defendant argues (1) that these sentences are excessive; (2) that the trial court erred in ordering consecutive service; and (3) that the trial court erred in denying an alternative sentence, specifically full probation. Upon review, we REVERSE the imposition of consecutive sentencing and MODIFY the defendant's sentence to reduce his day-for-day confinement from one year to two hundred and nineteen days. In all other respects, we AFFIRM the judgment of the trail court.

## BACKGROUND

While driving at grossly excessive speed though Linden, Tennessee, the defendant ran a red light and swerved to avoid a vehicle entering the intersection. When he swerved, the defendant lost control of his vehicle and collided head-on with an automobile driven by Charles Carroll. Mr. Carroll's two passengers, Eleanor and Alice Carroll, were killed, and Mr. Carroll was injured. Witnesses estimated that the defendant was driving as fast as ninety miles-per-hour immediately before the collision, and the defendant himself estimated that he was going sixty to sixty-five. The posted speed limit was thirty miles-per-hour.

The defendant was indicted on two counts of vehicular homicide and one count of felony reckless endangerment. A jury found the defendant guilty of criminally negligent homicide on counts one and two and guilty of misdemeanor

reckless endangerment on count three. The defendant does not contest these convictions; he appeals his sentences only.

## STANDARD OF REVIEW

Appellate review of a challenge to the length or manner of service of a sentence is de novo on the record, "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported in the record, then this Court may not disturb the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

In conducting our review, this Court we must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack or potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

**SENTENCING FACTORS**

The defendant first asserts that the trial court misapplied, or erroneously failed to apply, certain enhancement and mitigating factors and that his sentences are, therefore, excessive. The trial court found the defendant to be a range I offender. Criminally negligent homicide is a Class E felony, carrying a range I sentence of one to two years. See Tenn. Code Ann. §§ 39-13-212; 40-35-112(a)(5). Reckless endangerment committed without a deadly weapon is Class A misdemeanor, see Tenn. Code Ann. § 39-13-103(b), and is punishable by up to eleven months, twenty-nine days. The presumptive sentence for a Class E felony is the minimum sentence in the range, absent enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c). Misdemeanor sentences do not command a presumptive minimum.

The trial court recognized no mitigating factors but did find two enhancement factors applicable to each of the defendant's convictions: "The defendant had no hesitation about committing a crime when the risk to human life was high" and "[t]he crime was committed under circumstances under which the potential for bodily injury to a victim was great." Tenn. Code Ann. § 40-35-114(10), (16). In accordance with these findings, the trial court sentenced the defendant to the range I maximum of two years on each felony conviction and to eleven months, twenty-nine days on the misdemeanor.

Citing State v. Bingham, 910 S.W.2d 448 (Tenn. Crim. App. 1995), the defendant first argues that enhancement factor (16) is inapplicable to a conviction for criminally negligent homicide as a matter of law because the potential for bodily injury is an essential element of that offense. In Bingham, a panel of this Court held that potential bodily injury is inherent in the offense of vehicular homicide and is therefore inapplicable to enhance a conviction for that offense. See id. at 452. In the present case, the trial court expressly noted the Bingham opinion and correctly concluded that, as with vehicular homicide, the

proof necessary to establish the defendant's offenses would comprise proof of potential bodily injury to any of the Carrolls. Nevertheless, the trial court found factor (16) applicable based on the potential for bodily injury to persons other that than the Carrolls, including, specifically, a passenger of the defendant.

A panel of this Court specifically approved such an application in State v. Sims, 909 S.W.2d 46 (Tenn. Crim. App. 1995), stating "[factor (16)] may be applied in situations where individuals other than the victim are in the area and are subject to injury." Id. at 50. Nevertheless, the subsequent opinion in Bingham appears to conflict with this holding.

While Bingham does not expressly reject Sims, a careful reading allows no other conclusion. In Bingham, the defendant appealed application of both enhancement factors (10) and (16). Although the panel found that both factors are inherent in the offense of vehicular homicide when considering only the homicide victim, the panel noted that persons other than the victim were present and subject to risk. Based on this risk, the Bingham panel found factor (10) applicable. Importantly, however, the panel did not similarly apply factor (16). Thus, Bingham implicitly, but inescapably, distinguishes between enhancement factors (10) and (16) in that factor (10) may be supported by risk to persons other than a victim of the convicted offense while factor (16) may not.

In contrast, the Sims opinion holds, "Both factors [(10) and (16)] may be applied in situations where individuals other than the victim are in the area and are subject to injury." Sims, 909 S.W.2d at 50 (citing State v. Makoka, 885 S.W.2d 366, 373 (Tenn. Crim. App. 1994)). Thus, it appears that these authorities cannot be satisfactorily reconciled as to whether factor (16) may be applied on the basis of potential injury to persons other than the victim of the convicted offense. In resolving this conflict, we first note that the authority cited by Sims supports only application of factor (10) on the basis of risk to others.

See Makoka, 885 S.W.2d at 373. More importantly, we find the language of the statute instructive.

Unlike enhancement factor (10), factor (16) specifically requires that the risk or potential injury be "to a victim." Tenn. Code Ann. § 40-35-114(16) (emphasis added). We read "victim" here to mean a victim of the charged offense, not a "potential victim,"[1] a victim of some collateral injury, or a victim of some uncharged offense.[2] This reading of the statute directly refutes the Sims holding that factor (16) is applicable when persons "other than the victim" are subject to injury. Sims, 909 S.W.2d at 50 (emphasis added). Thus, we conclude that the enhancement statute does not contemplate application of factor (16) based on risk to others. For these reasons, we hold that the trial court erred in applying enhancement factor (16) in the present case. Although the defendant does not challenge application of factor (10), we affirm its applicability.

The defendant next argues that the trial court erred in rejecting mitigating factor (6), regarding his alleged lack of substantial judgment due to youth. See Tenn. Code Ann. § 40-35-113(6). In considering whether a defendant lacked substantial judgment because of his youth, chronological age is not determinative. See State v. Antonio D. Mason, No. 01C01-9607-CC-00315 (Tenn. Crim. App. filed Oct. 24, 1997, at Nashville). Rather, we are directed to "consider the concept of youth in context, i.e., the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993).

---

[1] The Sims opinion, for example, speaks of "other potential victims." Sims, 909 S.W.2d at 50.

[2] In the present case, for example, the evidence suggests that multiple additional counts of reckless endangerment might have been charged relating to the defendant's passenger and other drivers who were in the immediate area and subject to imminent danger.

The defendant was eighteen years of age at the time of his offenses, and he relies entirely on this chronological age to support applicability of this factor. He offers absolutely no other evidence or argument, and we find nothing in the record from which we might infer a lack of substantial judgment. To the contrary, in the only evidence on point, the defendant expressly disavowed any lack of judgment due to his youth:

> STATE: You know that we're obligated to drive the posted speed limits?
> DEFENDANT: Yes, sir.
> STATE: Do you think that because you were eighteen at the time this happened that you didn't realize that you weren't supposed to speed?
> DEFENDANT: I knew you was not supposed to speed.
> . . . .
> STATE: You knew that speeding can result in fatal injuries, for example?
> DEFENDANT: Yes, sir.
> . . . .
> STATE: So your youth does not explain your disregard for the law?
> DEFENDANT: No, sir.

Although this testimony is not determinative, it does tend "to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." Id. Moreover, the activity of driving is so common to everyday life, and the dangers inherent in abusing that activity are so evident and so often observable, that, absent some specific evidence, we will not simply presume that an eighteen-year-old lacked "substantial judgment." The record indicates that the trial court carefully considered this proposed mitigating factor and concluded, "[the defendant] has convinced me that it is not a question of youth here." The evidence does not preponderate against the trial court's decision. The defendant has failed to carry his burden of showing that the decision of the trial court is improper.

Next, the defendant asserts that the trial court erred in rejecting mitigating factor (11)–that the defendant "committed the offense[s] under such unusual circumstances that it is unlikely that a sustained intent to violate the law

motivated the criminal conduct." Tenn. Code Ann. § 40-35-113(11). The defendant argues that because one cannot "intend" to commit criminally negligent homicide, he could not have had a sustained intent to violate the law. This argument is not well taken. It ignores the defendant's sustained intent to violate traffic laws, which is overwhelmingly supported by the evidence. This issue is without merit.

In summary, we have concluded that the trial court's application of enhancement factor (16) cannot be sustained and that factor (10) properly applies. We do not disturb the trial court's finding that no mitigating factors apply. Despite the trial court's misapplication of factor (16), we do not hesitate to find the sentences below appropriate. The trial court found applicable enhancement factors (10) and (16), but did not indicate the weight it accorded each. If both factors were applicable, we would accord great weight to either on the facts of this case. However, because the factors are similar and were based on the same facts, we would accord the other only slight additional weight. Thus, our elimination of factor (16) does not significantly lessen the overall weight of warranted sentence enhancement. Factor (10) alone sufficiently justifies the defendant's sentences. The sentences imposed below are appropriate.

## CONSECUTIVE SERVICE

The defendant next challenges the trial court's imposition of consecutive sentencing. The trial court ordered consecutive sentencing based on its finding that "[t]he defendant is a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). While this finding, if supported by the evidence, satisfies the statutory criteria for consecutive sentencing, the Tennessee Supreme Court has held that when consecutive sentencing is predicated on a finding that the defendant is a

dangerous offender, "[t]he proof must also establish that the terms imposed are reasonably related to the severity of the offenses committed and are necessary in order to protect the public from further criminal acts by the offender." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

The trial court made no findings relative to these latter two criteria, and we are unable to conclude that both apply. We would find that consecutive sentencing resulting in less than a five-year effective sentence is reasonably related to the severity of the defendant's offenses. Two persons were needlessly killed and others injured by the defendant's actions. Nevertheless, the record contains insufficient evidence to warrant a finding that consecutive service is necessary to protect the public from further criminal acts. The defendant's lack of remorse and apathetic, even despiteful, attitude toward his victims might indicate a lesser amiability to rehabilitation and, thus, some degree of danger to society. However, the defendant's complete lack of prior criminal history tends to supports the opposite inference. Thus, although the evidence supports the trial court's finding that the defendant is a dangerous offender whose behavior indicated little or no regard for human life, we are constrained to conclude that the trial court erred in imposing consecutive sentencing.

## ALTERNATIVE SENTENCING

The defendant next asserts that the trial court erred in "failing to order a fair alternative sentence and failing to grant probation." As the trial court recognized, the defendant is presumed to be a favorable candidate for alternative sentencing, absence evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Finding this presumption partially, but not fully, rebutted, the trial court granted supervised probation after one year's confinement on count one and granted full probation on counts two and three. The defendant complains that "[t]his is not alternative sentencing as envisioned by the legislature." We disagree. This complaint is without merit.

Nevertheless, we examine the trial court's imposition of a period of confinement. The trial court justified confinement as "necessary to avoid depreciating the seriousness of the offense." Tenn. Code Ann. § 40-35-103(1)(B). To warrant confinement on this basis, "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other that confinement." State v. Bingham, 910 S.W.2d at 454 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). That deaths occurred is not itself sufficient to warrant such a finding. However, the evidence showed that the defendant's speed was grossly excessive in a usually congested area, that he did not even attempt to brake, and that he cursed the surviving victim at the accident scene and continued to demonstrate indifference, if not detest, for the victims and their families throughout. The trial court duly noted the defendant's youth; lack of criminal record; and current, though unstable, employment status but found that the circumstance of the defendant's offenses outweighed these considerations. The evidence does not preponderate against the trial court's finding.

As to the denial of full probation, these same considerations apply. In addition, a defendant's lack of truthfulness or candor reflects negatively on the defendant's potential for rehabilitation and is thus, an appropriate consideration. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). The trial court found that the defendant demonstrated lack of candor in that he often conveniently forgot or contradicted himself when testifying to matters that might be negative to him. We find that the evidence supports the trial court's findings. This issue is without merit.

Finally, although we affirm the trial court's imposition of a period of confinement, we observe that the imposed one-year term would exceed the term

that the defendant would serve prior to release eligibility on a full-confinement two-year sentence.  As this Court recently explained in State v. John W. Hill, No. 01C01-9802-CC-00072 (Tenn. Crim. App. filed Feb. 25, 1999, at Nashville), a felony offender who is sentenced to one or more nonconsecutive terms of two years or less may not be sentenced to a period of confinement in excess of the release eligibility on a sentence of full confinement. Id. (citing Tenn. Code Ann. §§ 40-35-501(a)(3); -306(a); -102(5)-(6)).  Therefore, we modify the defendant's sentence to reduce his period of confinement to two hundred and nineteen days, day-for-day, and to begin supervised probation at the expiration of that time.

**CONCLUSION**

The sentence below is modified to reduce the defendant's period of confinement to two hundred and nineteen days, day-for-day.  We further order that all sentences shall run concurrently.  The judgment of the trial court is in all other respects affirmed.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JAMES CURWOOD WITT, JR., Judge